ARMSTRONG *v.* RORICK.

Action on Account—Evidence—Amount Due.

In an action to recover a balance due for goods sold and delivered on open account, evidence examined, and *held*, to show the existence of the balance claimed by plaintiff to be due.

Error to Lenawee; Chester, J. Submitted November 9, 1905. (Docket No. 106.) Decided November 21, 1905.

Assumpsit by Edwin E. Armstrong, Henry I. Armstrong, and Burke M. Graham, copartners as Armstrong & Graham, against Leroy W. Rorick for goods sold and delivered. There was judgment for defendant, and plaintiffs bring error. Reversed.

*Smith, Baldwin & Alexander*, for appellants.

*Burton L. Hart* and *Jacob N. Sampson*, for appellee.

MOORE, C. J.   Plaintiffs are wholesale dealers in saddlery, harnesses, and horse furnishings at Detroit, Mich. Defendant and his son kept a retail harness shop in the village of Morenci, Lenawee county, Mich., for some years, up to January 1, 1900, at which time they dissolved partnership, and the business was thereafter run by L. W. Rorick.   The defendant is a farmer, and the proof shows he had but little business experience prior to engaging in the harness business, and gave that business not much of his personal attention, but depended upon the man in charge, while Mr. Rorick gave his attention to his farm. This action was brought to recover a balance claimed to be due of $234.63 and interest thereon.   The case was tried before a jury, which returned a verdict in favor of defendant.   A motion was made for a new trial, which motion was overruled.   The case is brought here by writ of error.

There are several assignments of error, which may safely be put under two heads:   *First*, the refusal of the trial court to direct a verdict in favor of plaintiffs for the full amount of their claim; and, *second*, the refusal of the judge to grant a new trial.   The record discloses that, beginning June 3, 1898, plaintiffs began to furnish defendant and his son goods, and continued to do so until January 1, 1900, when the son retired from the firm, and the business was continued by the father.   At this time, it is the claim of the plaintiffs, there was due them $265.11.   From January 1, 1900, until October 16, 1902, plaintiffs furnished the defendant with goods, and it is their claim that, after making all proper credits, there was due them, April 16, 1903, the sum of $234.63.   It is the claim of the defendant that he does not owe plaintiffs anything.   It appears from his own testimony that he did not keep any books or any memorandum which would show the amount of goods he received, or the dates and amounts of payments he made.   He admitted on the cross-examination that he had received all of the goods with which he was charged, and said he could not dispute the statement that he had been credited by the plaintiffs with all the pay-

142 MICH.—6.

ments he had made them. Counsel for defendant say, and we quote from the brief:

"Plaintiffs' account book was offered in evidence to prove this claim, and was taken from the ledger. Now, take the debits shown by their ledger from January 1, 1900, the date on which they admit the L. W. Rorick & Son account was balanced, and they amount to $2,282.57. Taking the proper credits from the same ledger from the same date, January 1, 1900, and they amount to $2,313.05; thus showing that defendant's account with plaintiffs is overpaid by $30.48.   *   *   *

"We submit that, from their own testimony and their own books, the jury was warranted in finding a verdict for the defendant, because, according to their own books, on which they rely, we have overpaid them $30.48, and would have been entitled to a judgment for the balance in our favor had our pleadings been drawn so as to entitle us to it."

The fallacy of this argument is shown by a reference to the books. They show that on January 1, 1900, there was due plaintiffs $265.11. There was sold by them to defendant on January 5, 1900, a bill of goods amounting to $12, and no other bill of goods was sold until March 1st. The books also show a credit of $100 January 9th, $100 February 8th, one of $65.11 February 8th, and one of $12 March 27th. It will be observed that these amounts just balance. It will also be observed that upon February 28th payments had been made in 1900 aggregating $265.11, while only $12 worth of goods had been bought. The defendant admits that he made no payments until they became due, and, applying this statement to the situation, the conclusion is inevitable that the first three payments made in 1900 were made for the purpose of paying the balance of $265.11, shown by the books to be due January 1, 1900. When this very proper application of them is made, instead of the books showing, as claimed by counsel, an overpayment of $30.48, they show there was due plaintiffs $234.63. The plaintiffs showed the delivery of the goods and their value by testimony that did not leave the matter in doubt. The testimony of defendant, taken

as an entirety, did not tend to show any different state of facts.

The judge should have directed a verdict in favor of the plaintiffs for the full amount of their claim. This conclusion makes it unnecessary to discuss the other branch of the case.

The judgment is reversed, and a new trial ordered.

McALVAY, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.